(108 So. 633)

### MYRICK v. STATE. (6 Div. 983.)

(Court of Appeals of Alabama. May 11, 1926.)

**1. Homicide** ⟐300(3)—**Instruction that, if deceased ordered defendant out of house, it was defendant's duty to leave, if he reasonably could do so, held not subject to exception.**

In prosecution for killing deceased in his home, instruction that, if he ordered defendant out of the house, it was defendant's duty to leave, if he reasonably could do so, *held* not subject to exception.

**2. Homicide** ⟐300(3)—**Instruction that, if defendant willfully refused to leave house of deceased after being commanded to do so, which conduct was calculated to, and did, provoke the difficulty, he was not free from fault, held not subject to exception.**

In prosecution for killing deceased in his home, instruction that, if defendant willfully refused to leave house after being commanded to do so, which conduct was calculated to, and did, provoke the difficulty, he was not free from fault in bringing on the difficulty, *held* not subject to exception.

**3. Homicide** ⟐300(3)—**Instruction that, if defendant was willing to meet accused on whatever plane deceased saw fit to pitch battle, he was not free from fault held not subject to exception.**

In murder prosecution, instruction that, if defendant was ready to meet accused on whatever plane deceased saw fit to pitch battle, he was not free from fault in bringing on the difficulty *held* not subject to exception.

**4. Criminal law** ⟐829(1).

Refusing requested written charges *held* not reversible error, where those correct in law were fairly and substantially covered by other charges.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Ed Myrick was convicted of murder in the second degree, and he appeals. Affirmed.

The following portions of the court's oral charge were excepted to by defendant:

"(1) If the deceased ordered the defendant out of the house, it was the duty of the defendant to leave the house, if he could reasonably do so.

"(2) If the defendant· willfully refused to leave the house of the deceased, after being commanded to do so, and that such conduct on the part of the defendant was calculated to provoke the fatal difficulty, and did provoke the difficulty, he would not be free from fault in bringing on the difficulty.

"(3) If the defendant was ready to meet the accused on whatever plane the deceased saw fit to pitch battle, * * * or whatever was said, that then he would not be free from fault in bringing on the difficulty."

Gray & Powell, of Jasper, for appellant.

Defendant's requested charges upon reasonable doubt should have been given. Bowen

v. State, 140 Ala. 65, 37 So. 233; Webb v. State, 106 Ala. 52, 18 So. 491; Bones v. State, 117 Ala. 138, 23 So. 138; Watts v. State, 177 Ala. 24, 59 So. 270; Simmons v. State, 158 Ala. 8, 48 So. 606; Walker v. State, 153 Ala. 31, 45 So. 640. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant, defendant in the court below, was indicted for the offense of murder in the second degree. He was convicted as charged, and the jury fixed his punishment at imprisonment in the penitentiary for a term of 15 years.

It is without dispute that the killing occurred at the home of the deceased, one Charlie Langston; that said Langston was killed by the defendant by having been shot through the body with a pistol; that, at the time of the killing, defendant, Myrick, was a guest in the home of the deceased.

The appeal here is rested upon several rulings of the court upon the admission of the evidence, and upon exceptions to the court's oral charge; also the refusal of several written charges requested by defendant. No motion for new trial was made.

We have carefully examined each ruling of the court upon the admission of the testimony, to which exceptions were reserved. No error of a reversible nature appears in any of these rulings. We are convinced that the substantial rights of defendant were not injuriously affected in this connection, and, as these exceptions involve only the simplest and most elementary propositions of law, there appears no necessity to discuss them in detail.

[1-3] It appears to this court that the defendant was accorded a fair trial; that his rights in each instance were properly guarded; and that the oral charge of the court was not only fair to defendant, but was able and explicit. This charge covered every phase of the law governing the issues involved upon the trial of this case. The exceptions reserved to the oral charge are not well taken, and are without merit.

[4] This brings us to the last question presented on this appeal. Was there reversible error in the refusal of either of the written charges requested by defendant? A careful examination of the refused charges convinces us that no reversible error appears. Such of the charges as contain a correct statement of the law were fairly and substantially covered by the oral charge of the court or by the written charges given at the request of the defendant.

A jury question was presented by the evidence adduced upon this trial. We regard the evidence as being amply sufficient to justify the jury in the verdict rendered. The record proper is without error also; therefore, the judgment of the circuit court from which this appeal was taken must be, and is, affirmed.

Affirmed.